U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

MAR 2 1 2007

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

In Re: BERNICE R. FERNICOLA

Debtor,

ROBERT FERNICOLA and DONNA FERNICOLA,

Appellants,

v.

U.S. TRUSTEE and TRUSTEE CAROLYN J. COOLEY,

Appellees.

6:07-CV-151
(GLS)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE APPELLANTS:** | |
| DONNA and ROBERT FERNICOLA<br>Appellants, *Pro Se*<br>509 Willow Drive<br>Utica, New York 13502 | |
| **FOR THE APPELLEES:** | |
| U.S. TRUSTEE OFFICE<br>10 Broad Street<br>Suite 105<br>Utica, New York 13501 | AMY F. QUANDT,<br>GUY ANDREW VAN BAALEN<br>U.S. Trustees |
| OFFICE OF CAROLYN J. | CAROLYN J. COOLEY |

COOLEY                                    Trustee
405 Mayro Building
239 Genesee Street
Utica, New York 13501

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

On January 29, 2007, non-party *pro se* appellants, Robert and Donna Fernicola, appealed Chief Bankruptcy Judge Stephen D. Gerling's January 19th Order. *See Dkt. No. 1; Bankruptcy Pet. # 06-60259*. Judge Gerling's Order authorizes the U.S. Trustee Office to conduct an oral examination of the Fernicolas. It also compels the production of certain documents relating to debtor Bernice Fernicola's bankruptcy proceeding. *See Dkt. No. 1, Ex. 3*. In addition to their appeal, the Fernicolas have filed an emergency motion and have also requested that several subpoenas be issued on their behalf. For the reasons that follow, the Fernicolas' appeal is *sua sponte* dismissed for failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

To date, the Fernicolas have not paid the fee required to initiate an appeal under Federal Rule of Bankruptcy Procedure 8001(a). Rule 8001(a) provides that a notice of appeal from an order of a bankruptcy judge to a district court "shall...be accompanied by the prescribed fee."

FED. R. BANKR. P. 8001(a). On January 30, 2007 the Fernicolas received a notice from the Bankruptcy Clerk's Office informing them that their filing was deficient because they failed to pay the required fee of $255.00. *See Dkt. No. 1, Ex. 2.* At this time, the Fernicolas were also put on notice that failure to comply with these requirements by February 1 may result in court action.

On February 9, the Bankruptcy Court directed the Fernicolas' appeal to this court. Their appeal was accompanied by a Certification of Non-Compliance, informing the court that: (1) a notice of appeal was filed; (2) the requirements set out in Bankruptcy Rules 8001(a) and 8006 had not been met, including the payment of the filing fee; and (3) no extension of time had been granted. *See Dkt. No. 1, Ex. 6; see also* FED. R. BANKR. P. 8001(a), 8006. The Bankruptcy Court also denied the Fernicolas' application to proceed *in forma pauperis* because of their failure to provide adequate information in their application. *See Dkt. No. 1, Ex. 7.*

Despite a deficiency notice from the court and the denial of their IFP application, the Fernicolas have failed to pay the requisite fee. For this reason, the court *sua sponte* dismisses the action for failure to prosecute. *See Chambers,* 501 U.S. at 49 (the authority of the court to dismiss *sua*

3

*sponte* for lack of prosecution has generally been considered an inherent power); see also *Michalek v. Ring*, 96-CV-5139, 1997 WL 738556, at *1 (2d Cir. Nov. 21, 1997) (unpublished decision) (court affirmed district court's dismissal of a bankruptcy appeal based on a noncompliance certificate stating that the fee was not paid); *Smith v. Nagle House, Inc.*, 05-CV-5129, 2005 WL 1773765, at *1 (S.D.N.Y. July 25, 2005) (dismissing bankruptcy appeal based on appellant's failure to pay filing fee or proceed *in forma pauperis*). Accordingly, the Fernicolas' appeal is dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Fernicolas' bankruptcy appeal (**Dkt. No. 1**) is *sua sponte* **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

March 20, 2007
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge